FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2022 DEC 12  AM 11:43
MARGARET BOTKINS, CLERK
CASPER

22 CV 258 J

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

STEPHEN P. KELLY,
General Delivery,
U.S. Post Office,
Billings, MT 59102,
    Plaintiff,

VS.

FIRST BANK OF WYOMING, a
Wyoming corporation, and DIANN
SCHWANTES, in her official
capacity, 245 E. 1st Street, Powell,
Wyoming 82435,
    Defendant(s).

COMPLAINT FOR DECLARATORY
JUDGMENT, INJUNCTIVE RELIEF,
SPEEDY HEARING, AND DAMAGES

(1)

Comes now the Plaintiff in the above styled action and does show cause for complaint as follows:

(1) This is an action sustained by, STEPHEN P. KELLY, hereinafter, Plaintiff KELLY, and sues the defendant's jointly, and in their official capacities, FIRST BANK OF WYOMING, a Wyoming corporation, and DIANN SCHWANTES, in her official capacity, alleging:

(A) Incompetent financial services causing injury, (B) interference and financial malpractice into checking account, and (C) Unauthorized capacity and lack of enforcement of overdraft!

NATURE OF THE CASE

(2) An emergency injunctive order is sincerely needed here in protection of plaintiff!!

(2)

(3) Plaintiff here, (a bank customer), was initially authorized in which to overdraft a checking account, where unknown to Plaintiff, the overdraft authorization was in fact revoked at a high capacity supervisor, (defendant SCHWANTES), causing Plaintiff excessive overdraft fees to the merchant's, and to the bank!

(4) Here, an emergency injunction is much needed where each day at which passes plaintiff is in fact charged an additional $5.00 per day!!

JURISDICTION AND VENUE

(5) This federal court obtains jurisdiction over this case based upon diversity of citizenship, where the parties are citizens of different states. 28 U.S.C. § 1332.

(6) Plaintiff STEPHEN P. KELLY, is a citizen and resident of the state of Montana.

(7) Corporate defendant's, FIRST BANK OF WYOMING, is a sole <u>wyoming</u> corporation and obtains its principal place of business in the state of wyoming!

(8) Capacity defendant, DIANN SCHWANTES, acts in her official capacity as supervisor over the assigned teller division to the First Bank of WYOMING, and <u>has resided in the state of wyoming at all times material to this action</u>!

(9) Banks and banking rises under <u>subject matter jurisdiction for federal court</u>!

(10) Venue is proper in the District of wyoming because each event giving rise to this action <u>accrued in the District of wyoming</u>! 28 U.S.C. § 1391.

## PARTIES

(11) Plaintiff STEPHEN P. KELLY, is a <u>current customer of the First Bank of wyoming-powell</u>

(4)

branch!

(12) corporate defendant's, FIRST BANK OF WYOMING, is a wyoming financial institution at which serves a widespread numeration of checking account customer's, and the corporation obtains primary oversight of defendant, Diann Schwantes, acting in her official capacity!

(13) capacity defendant, Diann Schwantes, acts in her supervisory capacity over the official teller division of the First Bank of wyoming - Powell branch, and obtains civil Liability as such!

STATEMENT OF FACTS

(14) A real and actual controversy exists, and this courts prompt intervention is sincerely needed!!!

(15) This concise civil complaint is so <u>plausible upon its face,</u> and this action and <u>these sincere claims are in fact cognizable</u> in that the claims <u>obtain clear plausibility</u> instead <u>of a mere possibility</u>!!!

(16) The <u>official Lead teller</u> within the confines of the First Bank of Wyoming of the specific Powell branch, <u>(Jessi),</u> <u>made clear</u> to Plaintiff KELLY, that he in fact was authorized in which to write some overdraft check's, provided that he, KELLY, would in fact enter into the bank on December-1st, 2022, <u>in which to financially satisfy</u> the check's!

(17) In quality <u>trust of his</u> <u>own bank,</u> and in <u>clear trust</u> <u>of the official Lead teller,</u> (Jessi), KELLY, in fact overdrafted five (5) consecutive bank check's, however, he soon later learned that a sincere error and mistake has been engaged into at the

(6)

hands of the official Lead teller, where according to her supervisor, (Diann Schwantes), the teller obtained no official banking authority in which to authorize KELLY, to overdraft any bank check's what so ever!!

(18) In sole result of this clear bank mistake, KELLY'S, check's were in fact returned to the store's/merchant's, causing KELLY, returned check fees upon each check written!

(19) Initially, upon KELLY'S original written check's, banking teller, (Jessi), clearly noted to KELLY, that the bank had in fact already covered and paid his check's, therefore, as quoted by this teller, KELLY, would only need to re-pay the bank and not the merchant's!

(20) On November-29th, KELLY, in fact received a telephone inquiry from banking supervisor, (Diann Schwantes), noting to

(7)

KELLY, that he had in fact overdrafted a large numeration of check's, her asserting five consecutive bank check's!

(21) KELLY, clearly explained to banking teller supervisor,(Diann Schwantes), that he had in fact been authorized to overdraft his specific checking account per the authority of lead teller, (Jessi), yet defendant-Schwantes noted to KELLY, that she/schwantes, was in fact the primary supervisor over the entire tell personnel and that Schwantes based a final policy-making decision in which to decline for the bank to cover KELLY's overdraft check's!

(22) KELLY, here suffers injury caused solely at the hands of bank personnel, where these claims are so plausible and cognizable in that KELLY, had in fact clearly been authorized to overdraft some check's, where based upon those premises KELLY, did in fact overdraft five consecutive bank

(8)

check's, resulting into, (a) the $30.00, bank fee on each check written, (b) the $35.00, store and merchant fee on each check written, (c) the $5.00, fee per day charged by defendant's - FIRST BANK OF WYOMING, and (d) his once quality reputation with the concise stores/merchant's at which he wrote check's too!

(23) Providing much more plausibility to KELLY'S claims, he makes clear to this honorable court, that upon initially opening his checking account directly with defendant - Diann Schwantes, in early November, she/defendant-Schwantes also advised KELLY, that he in fact obtained an overdraft protection up to $1,000, however, defendant Schwantes revoked KELLY's overdraft protection as to her own error and mistake, in accordance with bank policy!

(9)

(24) Rendering Legal authority in which for KELLY, to now seek judicial redress, and for this honorable court to act upon this specific issue, KELLY, prior to filing of this specific civil complaint had in fact already exhausted his bank administrative remedies with the specific dispute office, and then he also appealed to the banks chief executive officer, however, both aspects were denied without quality cause!

(25) KELLY, to date, still suffers injury where bank records now show that KELLY, is in fact being charged $5.00, per day by the bank which will continue unless soon enjoined by this court!!

(26) Asserting further federal court jurisdiction, despite the amount in dispute not rising in excess of, $75,000, here this court does in fact obtain subject matter jurisdiction over this specific case as to the federal

authority over banks and banking!

(27) KELLY, now resides in the diverse state of Montana.

(28) ALL events of this case rose in Wyoming!

### RELIEF

WHEREFORE, upon the premises considered, it is respectfully requested upon this honorable court for the entry of a judgment as follows:

(A) Find this civil complaint plausible upon its face!

(B) Find that joint defendant's are in fact liable for the misconduct alleged.

(C) Enjoin defendant's from continuing to refuse to cover overdrafted check's, and to discontinue to charge plaintiff a per day charge!

(11)

(D) charge defendant's with a reasonable damage amount as may be deemed proper by this court.

(E) charge defendant's with costs of court.

I Declare under penalty of perjury the foregoing to be true and correct.

signed this 30th Day of November, 2022.

*Stephen P. Kelly*
(SIGNATURE OF PLAINTIFF)