FILED

8:31 am, 2/16/23

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

STEPHEN P KELLY,

       Plaintiff,

VS.

FIRST BANK OF WYOMING, a
Wyoming corporation, and,

FIRST BANK OF WYOMING TELLER
SUPERVISOR, in her official capacity,
also known as, Diann Schwantes,

       Defendants.

Case No. 22-CV-00258-ABJ

---

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on Plaintiff Stephen Kelly's Complaint for

Declaratory Judgment and Injunctive Relief, Plaintiff's Motion to Proceed *In Forma*

*Pauperis*, Plaintiff's Motion for Preliminary Injunction, Plaintiff's Motion to Compel, and

Plaintiff's Motion to Direct Service of Process. ECF Nos. 1–5. Mr. Kelly is not incarcerated

but proceeds *pro se* without the assistance of an attorney. Therefore, his "pleading [is] to

be construed liberally and held to a less stringent standard than formal pleadings drafted

by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Kelly generally alleges that First Bank of Wyoming and its agents authorized

him to overdraft checks on his account. Based on this authorization, he over-drafted five

1

checks, resulting in unexpected bank fees for each. ECF No. 1 at 3. Specifically, he contends that Defendants provided "(A) [i]ncompetent financial services causing injury, (B) interference and financial malpractice into checking account, and (C) unauthorized capacity and lack of enforcement of overdraft." *Id.* at 2. Plaintiff asserts that diversity jurisdiction exists but admits that these banking fees have resulted in fines and damages of less than $75,000. *Id.* at 10. Further, he claims this Court retains subject-matter jurisdiction over this case as there is "federal authority over banks and banking." *Id.* at 10–11.

Because Mr. Kelly seeks to proceed *in forma pauperis* in this action without the prepayment of filing fees, the litigation process begins with the Court screening his complaint under 28 U.S.C. § 1915. *See Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) (noting that prompt screening, even for cases involving non-prisoners, "may be a good thing and conserve the resources of defendants forced to respond to baseless lawsuits"). Under 28 U.S.C. § 1915(a)(1), a district court "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [showing] that the person is unable to pay such fees or give security therefor." Section 1915(e)(2)(B) requires a district court to dismiss the case anytime the court determines the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." For § 1915 screening purposes, the Court accepts a plaintiff's allegations as true and construes all reasonable inferences drawn from those allegations in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).

2

In screening Mr. Kelly's complaint under § 1915, the Court determines that it may fail to state a claim on which relief can be granted, as the Court potentially lacks subject-matter jurisdiction. "Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party, and thus a court may *sua sponte* raise the question of whether there is subject-matter jurisdiction at any stage in the litigation." *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Congress has "bestowed upon the courts to hear controversies arising under federal law – federal-question jurisdiction – and controversies arising between citizens of different states – diversity jurisdiction." *Gallup Med Flight, LLC v. Builders Trust of New Mexico*, 240 F.Supp.3d 1161, 1207–08 (D.N.M. 2017). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

First, the Court will turn to diversity jurisdiction. District courts have "original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $ 75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Here, based on the facts alleged in the complaint, Mr. Kelly is a citizen of Montana, and First Bank of Wyoming and Ms. Schwantes are citizens of Wyoming. However, Mr. Kelly admits in the complaint that "the amount in dispute [does] not ris[e] in excess of $75,000, here." ECF No. 1 at 10. Therefore, although this action is between citizens of different states, this Court does not have diversity jurisdiction. However, the analysis does not end there.

District courts also have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In his complaint, Mr. Kelly references the federal regulation of banks and banking. *See* ECF No. 1 at 4, 10–11. However, Mr. Kelly does not plead with any particularity the federal banking statute or regulation under which he brings his claim. While this Court will construe his claims liberally, it will not act as his attorney and construct arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 927, 927 n. 1 (10th Cir. 2008). Therefore, the Court requires Mr. Kelly to provide supplemental briefing as to why his claim should not be dismissed for lack of subject-matter jurisdiction. Specifically, Mr. Kelly should focus on whether this action arises under the Constitution or the laws of the United States.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff shall brief the Court within twenty-one (21) days as to why his complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § 1331.

**IT IS FURTHER ORDERED** that all pending motions (ECF Nos. 2–5) are **HELD IN ABEYANCE** until the Court receives Plaintiff's supplemental briefing on the jurisdictional issue.

Dated this _15_ day of February, 2023.

Alan B. Johnson
United States District Judge

4